UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21281-BLOOM/Elfenbein

SHENA HICKMAN,

    Plaintiff,

v.

FACEBOOK/META,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Facebook/Meta's ("Defendant") Motion to Dismiss ("Motion"), ECF No. [5]. Plaintiff Shena Hickman ("Plaintiff") filed a Response in Opposition, ("Response"), ECF No. [16]. Defendant did not file a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

**I.   BACKGROUND**

The Complaint asserts claims for discrimination under Title VII and the Age Discrimination in Employment Act ("ADEA"), alleging that Defendant discriminated against Plaintiff because of her race, age, and for whistleblowing. ECF No. [1-3] at 11-12. Plaintiff alleges that she worked for Defendant from 2017 to 2018 as a contractor. *Id.* at 8. Plaintiff asserts that she ended her contract due to an office incident where a team member "bullied, cursed, berated, and . . . verbally abus[ed]" Plaintiff when she put in a request or additional staffing needs. *Id.* Plaintiff claims that Defendant has "unleashed their network of KKK Klansman, White Supremacy, Neo Nazi, and the people they control that have a clear disdain for [Plaintiff] because of [her] race," and has "tried everything to destroy [Plaintiff's] mind, unwittingly make [her] a drug addict, [and]

a convicted criminal[.]" *Id.* Plaintiff further claims that she is "the victim of their criminal acts of retaliation, death threats, harassment, isolation, bullying, intimidation, abuse (physical, mental, and financial), racist hate, public shunning, public smearing, etc." *Id.*

Plaintiff claims that she was wrongfully detained three times at behavioral health facilities, and that on one instance she was told by the doctors that her detention was to negate her whistleblower claim. *Id.* at 10. She also claims that Defendant has blackballed her career, "resulting in [Plaintiff] being financially poverty stricken," and that in the freelance work she has received, Plaintiff has received "unreasonable work demands late at night, snide and harassing text[s] on weekends, [] animal feces in the mail at home, [] cryptic text and crank phone calls." *Id.*

In the Motion, Defendant contends that Plaintiff's Complaint is an impermissible shotgun pleading, fails to state a claim, and is duplicative of the complaint Plaintiff previously filed in the Northern District of California. ECF No. [5]. Plaintiff responds that since her whistleblowing, her family has been granted full access to her devices, which "has been a consistent mechanism, tool and weapon purpose[ly] used on behalf of the Defendant . . . to 'Catch, Filter, Block and Kill' all [Plaintiff's] outreaches to police, law firms, government agencies, with the Courts . . . and to tamper with [Plaintiff's] Court CM/ECF docket to make [her] Complaint appear frivolous." ECF No. [16] at 2. Further, Plaintiff claims that illegal cyberattacks have hindered her from receiving due process, and "used to deliberately influence[] the dismissal" of her case before the Northern District of California. *Id.*

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than merely possible. . . . But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Futility of Amendment

Rule 15 of the Federal Rules of Civil Procedure directs that before trial, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the complaint is futile. *Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

### C. *Pro se* Litigants

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it[.]").

Further, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, No. CV411–254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a[n adequate] pleading[.]" *Sanders v. U.S. Gov't*, Civil Case No. 1:08–CV–0190–JTC., 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, No. 208CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). In determining whether a *pro se* litigant has stated a claim or established an adequate basis for jurisdiction, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller*, 541 F.3d at 1100.

### III.   DISCUSSION

Defendant asserts Plaintiff's claims are due to be dismissed because she improperly filed duplicative complaints in the Northern District of California, Superior Court of New Jersey, and before this Court. ECF No. [5] at 15-16. Plaintiff does not squarely address the issue but contends that she did not receive a fair review in her case before the Northern District of California and argues that one of the reasons she filed multiple complaints was "in hopes [that] there would be one Court not biased, or already influenced by the Defendant[.]" ECF No. [16] at 2, 3.

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). A claim is barred

by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).[1]

Here, each *res judicata* element has been satisfied. *See, e.g.*, *Dixon v. Bd. of Cnty. Com'rs Palm Beach Cnty., Fla.*, 518 F. App'x 607, 610 (11th Cir. 2013) (dismissing complaint on *res judicata* grounds where subsequent complaint was "identical in all relevant respects" and "both complaints name the same defendants and contain the same two claims concerning the defendants"). First, the Northern District of California, a court of competent jurisdiction, entered a final judgment in Plaintiff's prior case.[2] "In a conventional case, '[a] final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.'" *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) (quoting *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009)). Indeed, a dismissal with prejudice "is deemed an adjudication on the merits for the purposes of res judicata." *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980).[3] The Northern District of California dismissed Plaintiff's case with prejudice, finding that "plaintiff's claims are without legal merit" and that "amendment would be futile." *Hickman v. Facebook/Meta*, Case No. 24-cv-07470-YGR, ECF No.

---

[1] Defendant also argues that the Complaint should be dismissed for claim splitting. *See* ECF No. [5] at 14-16. However, "[t]he 'claim splitting doctrine' applies where a second suit has been filed before the first suit has reached a final judgment." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 840 n.3 (11th Cir. 2017) (quoting *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, No. 8:07-CV-227-T-27TGW, 2008 WL 759095, at *6 (M.D. Fla. Mar. 20, 2008)). Here, as the parties acknowledge, the Northern District of California dismissed Plaintiff's case with prejudice, which the Ninth Circuit Court of Appeals affirmed.

[2] "The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent." *Geico Indem. Co. v. Vazquez*, CASE NO. 15-61442-CIV-DIMITROULEAS, 2016 WL 10587207, at *1 n.2 (S.D. Fla. Nov. 4, 2016) (citing *McDowell Bey v. Vega*, 588 F. App'x 923, 926-27 (11th Cir. 2014)).

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[62] at 2 (N.D. Cal. Dec. 26, 2024). Thereafter, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous. *Hickman v. Facebook/Meta*, Case No. 24-cv-07470-YGR, ECF No. [76] (N.D. Cal. Jan. 7, 2025).

Next, the California action involves the same parties, as Plaintiff named only "Facebook/Meta" as a defendant in both actions. *Hickman v. Facebook/Meta*, Case No. 24-cv-07470-YGR, ECF No. [1] (N.D. Cal. Oct. 15, 2024); ECF No. [1-3]; *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990) ("The third element of claim preclusion provides that a judgment will only bar subsequent claims involving the same parties or their privies."). Further, in both actions, Plaintiff asserts identical causes of action for Title VII and ADEA discrimination based on Plaintiff's race, age, and for whistleblowing. Because the matter before this Court and the California action involves the same parties and the same causes of action, and a court with jurisdiction rendered a final judgment in the California action, this matter is barred by *res judicata*. *See Dixon*, 518 F. App'x at 610. Accordingly, the Court dismisses this matter with prejudice.[4]

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion**, ECF No. [5],** is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint,

---

[4] Although generally, "a *pro se* litigant must be given an opportunity to amend his complaint[,] [a] district court need not allow amendment . . . where it would be futile." *Ferrier v. Atria*, 728 F. App'x 958, 962 (11th Cir. 2018) (internal citation omitted). Here, any amendment would be futile because Plaintiff's claims are barred by *res judicata*, "which prevents a party from raising claims that were raised or could have been raised in a previous action. Therefore, a more carefully drafted complaint 'would still be properly dismissed or be immediately subject to summary judgment for the defendant.'" *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

she must do so by opening a new case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record